# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COOK GROUP INCORPORATED and COOK MEDICAL LLC, <br><br> Defendants. | Civil Action No. 15-980-LPS-CJB |

## MEMORANDUM ORDER

At Wilmington this **10th day of February, 2017**.

**WHEREAS**, the Court has considered the parties' letter submissions, (D.I. 109, 110, 113), relating to Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively, "BSC") and Defendants Cook Group Incorporated and Cook Medical LLC's (collectively, "Cook") pending motion to resolve a protective order dispute, (D.I. 94);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. With regard to the parties' dispute as to the scope of the proposed amendment to the *inter partes* review ("IPR") provision in the Protective Order, (D.I. 37 at ¶ 16), the Court will ADOPT BSC's proposal in-part and Cook's proposal in-part, (*see* D.I. 109, ex. 1). Specifically, the Court will DENY Cook's proposed modification requiring BSC's outside counsel Matthew Wolf and Patrick Reidy to withdraw from representing BSC in this litigation before participating in the IPR proceedings. (*Id.* at 4) The Court will also DENY BSC's proposal to allow participation in the IPR proceedings by BSC's in-house counsel and any attorneys at Arnold &

Porter Kay Scholer LLP ("APKS") who have access to information designated by Cook as CONFIDENTIAL or HIGHLY CONFIDENTIAL, even if (as is proposed) those attorneys would have no involvement in IPR-related claim drafting or amendments. (*Id.*) And the Court will DENY Cook's proposal limiting the exception to the post-grant proceedings bar to the specific APKS attorneys identified in Cook's proposal. (*Id.*; D.I 113 at 3-4)

2. As Cook points out, the burden of amending a protective order is on the moving party. (D.I. 113 at 1-2 (citing *Phillips Petroleum Co. v. Rexene Prods. Co.*, 158 F.R.D. 43, 46 (D. Del. 1994))) The Court has been mindful of that burden in addressing the disputes herein.

3. With regard to Mr. Wolf and Mr. Reidy, an amendment to the operative Protective Order is not necessary in order for them to participate in IPR proceedings. The current version of the Protective Order provides that "Plaintiffs' counsel, and any other Qualified Person at Plaintiffs, *with access to Defendants' Confidential Information* shall be barred from participating in any inter partes reviews . . . ." (D.I. 37 at ¶ 16 (emphasis added)) BSC has assured Cook that neither Mr. Wolf nor Mr. Reidy have been given access to nor have reviewed Cook confidential information, and that the attorneys will not review "any Cook confidential information while working on the IPRs[,]" if they later do in fact work on the IPRs. (D.I. 109 at 3; *see also id.*, ex. 4) Nothing in the current Protective Order precludes attorneys who have not accessed or reviewed (and will not access or review) Cook's confidential information from representing BSC both in this litigation and in the IPR proceedings. To impose such a restriction would require an *expansion* of the post-grant proceedings bar, so Cook bears the burden to demonstrate why the risk of inadvertent disclosure outweighs the harm to BSC of losing its counsel of choice. *See Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, Civil Action No. 15-691-LPS-

CJB, 2016 WL 447794, at *1 n.1 (D. Del. Feb. 4, 2016) (hereinafter, "*TSST-K*").

4.  In its previous Memorandum Order regarding the Protective Order, the Court assessed the "risk of inadvertent disclosure" factor and the "harm to BSC" factor. (*See* D.I. 36 at ¶¶ 6-9) This led to the implementation of the current Protective Order. (D.I. 37) Cook has not provided any new evidence demonstrating how Mr. Wolf's or Mr. Reidy's work on the district court litigation presents a now-increased risk of inadvertent disclosure, sufficient to justify an expansion of the post-grant proceedings bar. Indeed, as Mr. Wolf and Mr. Reidy have not accessed and will not access Cook's confidential information, that risk appears to be quite low. Cook does argue that it "would always have to be on the lookout for Messrs. Wolf and Reidy . . . to make sure they do not receive Defendants' confidential information, which is an unfair burden [on Cook,]" and that even though Cook will try not to send the two attorneys Cook's confidential information, "mistakes may occur[.]" (D.I. 113 at 4) But Cook provides no specific example as to how this "burden" has impacted it so far. And it seems like it should be the rare case where a party could successfully argue that the prospect of its *own* lack of future vigilance as to the protection of its confidential information should militate in *favor* of altering a previously-agreed-upon protective order to its benefit.[1] In the end, Cook has not met its burden to show why this change to the Protective Order should be made. Thus, the Court will deny the proposed modification requiring Mr. Wolf and Mr. Reidy to withdraw their appearances in the district court litigation in order to participate in the IPR proceedings.

5.  Next, the Court assesses BSC's proposed modification providing that:

> . . . BSC's in-house counsel Mr. Gafner and any attorneys at APKS

---

[1] Cook has certainly not provided any case law supportive of such a position.

3

> who have or will have access to and/or have reviewed or will review information designated by Defendants as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the Protective Order may participate in the IPR Proceedings, except that they may not have any involvement in any discussions, drafting or analysis of any proposed claim language or claim amendments.

(D.I. 109, ex. 1 at 4) In finding good cause to include the current iteration of the post-grant proceedings bar in the Protective Order, the Court stated that "there [was] nothing specific in the evidentiary record before the Court as to the harm that BSC would suffer from having restrictions imposed on its right to counsel of its choice[,]" and that BSC's eventual explanations of those potential harms amounted to "simply attorney argument." (D.I. 36 at ¶¶ 7-8) The Court noted that it "would consider a request to modify the Protective Order in the future as to this issue, *if the evidence warrants it.*" (*Id.* at ¶ 9 (emphasis added)) But (and even though the Court had previously invited it to do so) BSC points to no new record evidence (such as information as to affected counsel's prior experience with the patents-in-suit, with the subject matter of the case, or in handling BSC-related IPR proceedings) that would indicate why the harm it would suffer from the post-grant proceedings bar is any more understandable now than it was when the Court initially imposed that bar.

6. Further, the Court disagrees with BSC's contention that Cook faces "no risk . . . that information from this litigation could be used to prejudice Cook in the IPRs." (D.I. 109 at 4) That risk is surely more circumscribed in an IPR proceeding, where amended claims may be narrowed, not broadened. But as Cook argues, even if BSC's counsel is formally excluded from the claim drafting or amendment process, there remains a risk of BSC (even inadvertently) strategically narrowing the scope of its claims based on information that it learns

(about currently accused products, or products under development) from Cook's confidential information. (D.I. 113 at 2; *see also M/A-Com Tech. Sols. Holdings, Inc. v. Laird Techs., Inc.*, Civil Action No. 14-181-LPS, (D.I. 166) (D. Del. July 31, 2014)) That risk does exist even if outside counsel does not participate directly in drafting claim language or claim amendments in the IPR proceeding. (*See* D.I. 113 at 2)[2] And, as the Court has previously found, the *magnitude* of the risk is heightened here, in light of the vigorous competition between the parties, as well as the prolific nature of BSC's activity at the United States Patent and Trademark Office. (D.I. 36 at ¶ 3; D.I. 113 at 1 & ex. A)

7.  BSC cites several cases in which courts have permitted "litigation counsel who have reviewed confidential information to participate in IPRs—particularly if they agree that they will not participate in claim amendments." (D.I. 109 at 4 (citing cases)) But the fact that the benefit-harm balance weighed in favor of a patentee in other cases does not absolve BSC of its burden here. And based on the record evidence *here*, the Court cannot find that the harm BSC will suffer is greater than it was when the Court adopted the original Protective Order (which bars counsel who have reviewed confidential information from participating in IPR proceedings). Therefore, BSC's request for modification in this regard will be denied.

8.  The parties' final dispute, which is mentioned only by Cook in the letter briefing, is whether the exception to the post-grant proceedings bar should be limited to the specific APKS attorneys identified in Defendants' proposal. (D.I. 113 at 3-4; *see also* D.I. 109, ex. 1 at 1, 4) Here again, Cook seeks to impose a restriction that is beyond that imposed by the current

---

[2]  As Cook notes, the risk of harm from inadvertent disclosure would fall away if BSC had stipulated that it would not amend its claims during IPR proceedings, but BSC has not done so. (D.I. 113 at 2)

Protective Order. And so, Cook bears the burden of demonstrating good cause for its proposed limitation. Here too, it has not done so. In support of its proposed modification, Cook argues that "given the risks and circumstances of this case, Defendants need some ability to assess any potential objection *before* [an attorney's] participation in the IPR proceedings." (D.I. 113 at 4 (emphasis in original)) But the current Protective Order addresses the "risks . . . of this case" by barring any attorney who accesses or reviews confidential Cook material from participating in IPR proceedings. The Court has every expectation that BSC will comply with the Protective Order. And Cook has not sufficiently explained what has changed since the adoption of the current Protective Order that calls that expectation into question. Consequently, the Court will deny this proposed modification.

9. The parties are ORDERED to submit a final proposed Protective Order, incorporating the above decisions, by no later than **February 17, 2017**.

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE