UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION,<br>BOSTON SCIENTIFIC SCIMED, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>COOK GROUP INCORPORATED,<br>COOK MEDICAL LLC,<br><br>Defendants.<br><br>COOK MEDICAL LLC,<br>COOK GROUP INCORPORATED,<br><br>Counter Claimants,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION,<br>BOSTON SCIENTIFIC SCIMED, INC.,<br><br>Counter Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:17-cv-03448-JRS-MJD |

**ORDER ON MOTION TO LIFT STAY AND REOPEN CASE**

This matter is before the Court on Plaintiffs' *Motion to Lift Stay and Reopen Case.* [Dkt. 343.] For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

**I. Background**

This is a patent infringement action filed by Plaintiffs Boston Scientific Corporation and Boston Scientific SciMed, Inc. in the United States District Court for the District of Delaware against Defendants/Counterclaimants Cook Group Incorporated and Cook Medical LLC.

1

After Defendants' *Motion to Stay Pending Inter Partes Review* was denied, Defendants renewed the motion to stay this litigation pending *inter partes* review ("IPR") of the patents in suit by the United States Patent & Trademark Office ("PTO"). [Dkt. 74.] The Delaware Court granted Defendants' motion on August 16, 2017. [Dkt. 304.] The case was then transferred to this Court after the Delaware Court granted Defendants' *Motion to Transfer for Improper Venue* on September 11, 2017. [Dkt. 316.]

Finally, after the Patent Trial and Appeal Board ("PTAB") issued its Final Written Decisions finding that at least one asserted claim of each of the four patents in suit remained valid, both parties appealed the IPR decisions. [Dkt. 344 at 1; Dkt. 352 at 1.] Plaintiffs then moved to lift the stay and reopen the case. [Dkt. 343.]

## II. Discussion

The Court has "the inherent power to manage its own docket and may use its authority to stay proceedings pending conclusion of a PTO re-examination of a patent." *Lippert Components Mfg. v. Al-Ko Kober, LLC*, No. 3:13-CV-697-JVB-CAN, 2014 WL 8807329, at *2 (N.D. Ind. Jan. 16, 2014). In exercising this discretion, the Court must weigh the "competing interests" of the parties and attempt to "maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

Courts typically consider a variety of factors when deciding whether to maintain a stay. *Lippert*, 2014 WL 8807329, at *2. These factors include whether maintaining the stay would: (1) unduly prejudice or tactically disadvantage the party opposing the stay; (2) simplify the issues in the litigation and streamline trial; and (3) "reduce the burden of litigation on parties and the court." *Id.* The court should also consider (4) whether the totality of the circumstances and the "interests of justice" favor a stay. *See Universal Elecs., Inc. v. Universal Remote Control,*

*Inc.*, 943 F. Supp. 2d 1028, 1035 (C.D. Cal. 2013). The decision whether to grant a stay is committed to the district court's sound discretion, and the court is "given considerable leeway in the exercise of its judgment." *See, e.g.*, *Ultratec, Inc. v. CaptionCall, LLC*, 611 F. App'x. 720, 721-23 (Fed. Cir. 2015).

### A. <u>Unduly Prejudice or Tactically Disadvantage</u>

Courts have determined that "prejudice against the non-movant is probably the most important factor to consider when determining whether a stay is appropriate." *CeraMedic LLC v. CeramTec GmbH*, No. 3:14-CV-1969-JD-CAN, 2015 WL 13649465, at *2 (N.D. Ind. Mar. 13, 2015). Plaintiffs assert that Defendants are direct competitors and that "during the pendency of the stay, continued to take sales away from BSC." [Dkt. 344 at 4.] Further, Plaintiffs stress that a continued delay will likely consume much of the remaining life of three of the patents in suit—which expire in 2021—and will prevent Plaintiffs from obtaining a permanent injunction. [Dkt. 356 at 4, 6.] Defendants argue that Plaintiffs delayed bringing suit, never filed a preliminary injunction, and that the "evidence did not establish that Cook was taking market share away from Plaintiffs." [Dkt. 352 at 11-13.]

In the United States District Court for the District of Delaware's *Memorandum Order Granting the Motion to Stay*, the court determined it was "uncontested" that Plaintiffs and Defendants are direct competitors. [Dkt. 304 at 17.] However, the court could not conclude that the parties' relationship indicated that a stay would unduly prejudice Plaintiffs. [*Id.* at 20.] Additionally, there was no "evidence of the erosion of 'good will' (or reputational harm)." [*Id.* at 19.] Moreover, the court stated that Plaintiffs "may be adequately compensated by money damages." [*Id.*] Therefore, the evidence suggested that Plaintiffs will not be unduly prejudiced because of the relationship of the parties. Further, the prejudice imposed on Plaintiffs during a

3

continuation of the stay while the case is further simplified is not enough to justify lifting the stay.

Courts have held that delay alone does not constitute undue prejudice. *CeraMedic LLC*, 2015 WL 13649465, at *2. Importantly, the possibility of being adequately compensated by money damages reduces prejudice. *Id.* at 4 (finding that a monetary award would fully compensate the plaintiff as a factor that weighs against prejudice). Moreover, while three of the patents in suit are set to expire in October 2021, Plaintiffs will still be able to recover damages at trial if Defendants are found liable, even with a continued stay. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (noting "a stay will not diminish the monetary damages to which VA will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy."). Additionally, both parties are appealing the IPR decisions, which could impact the scope of the case and demonstrates that each party has an interest in the outcome on appeal.

Plaintiffs rely on *Knauf v. Manville*, in which this Court lifted a stay pending IPR appeals even though the case was previously stayed. No. 1:15-cv-00111-WTL-MJD, Dkt. 114 (S.D. Ind. Oct. 12, 2017). However, this case can be distinguished from *Knauf* because (1) monetary damages will adequately compensate Plaintiffs in this case, and (2) the circumstances surrounding the cases are different. The fact that the Delaware Court found that monetary damages would adequately compensate Plaintiffs is significant and reduces prejudice from delay. This Court made no such finding in *Knauf*. The Delaware Court noted that the parties and the court "clearly devoted a significant amount of time and effort into the matter." [Dkt. 304 at 12.] Taking this into consideration, further simplification will save this Court valuable time, resources, and simplify the litigation going forward.

4

The Court finds that this factor slightly favors maintaining the stay pending resolution of the appeal of the IPR decisions.

## B. Simplification of Issues

Potential simplification of the case weighed heavily in favor of a stay at the outset of the IPR process because a ruling could invalidate claims, reduce the number of issues to be litigated, and could be instructive for other claims. After review, the PTAB found that at least one asserted claim of each of the four patents in suit remains valid. [Dkt. 344 at 1.] Plaintiffs argue that maintaining the stay will not result in further simplification because the PTAB has issued its Final Written Decision, and reversal by the Federal Circuit is too "remote" and "speculative." [Dkt. 344 at 5.] Defendants maintain that continuing a stay will allow the parties to have the benefit of the Federal Circuit's decisions and will further simplify litigation. [Dkt. 352 at 15.] Importantly, "the benefits to the Court from any opinion of the Federal Circuit might offer cannot be overstated in light of the Federal Circuit's unique expertise in the patent realm." *Puget BioVentures, LLC v. Med. Device Bus. Servs., Inc.*, No. 3:17-CV-503-JD-MGG, 2017 WL 6947786, at *4 (N.D. Ind. Sept. 22, 2017).

In *Novartis AG v. HEC Pharm Co.*, the plaintiffs' motion to stay proceedings on a patent pending appeal of an *inter partes* review decision was granted in part. 183 F. Supp. 3d 560, 562 (D. Del. 2016). There, the court determined that a stay would simplify the case because the appeal could change the scope of the claims to be litigated. *Id.* The court reasoned that the Federal Circuit decision could allow the parties to "avoid all costs" that would have been incurred in litigation, and the court could "benefit from the Federal Circuit's guidance" relating to the patent. *Id.* Additionally, it would be "complicated and potentially wasteful for the [c]ourt to litigate the '238 patent at the same time as the Federal Circuit is reviewing its validity." *Id.*

5

Therefore, the court determined that this factor favored a stay. *Id.; see also Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, No. 16-CV-4236 (AJN), 2016 WL 6094114, at *3 (S.D.N.Y. Oct. 18, 2016) (finding "a decision in favor of either side is likely to carry at least some streamlining benefits for this action, whether because causes of action are reduced in their scope or foreclosed entirely or because the contours of the infringement inquiry are sharpened by the Federal Circuit's application of its recent claim construction to prior art."); *Puget Bioventures, LLC*, 2017 WL 6947786, at *4 ("[A]ny decisions—particularly related to claim construction—this Court might reach during the pendency of Defendant's appeal to the Federal Circuit could end up in variance with the Federal Circuit's ruling.").

Similar to *Novartis* and *Straight Path IP Grp.*, waiting for Federal Circuit review would likely streamline the case. A stay will also assist the Court in avoiding inconsistent legal rulings, simplifying terms, and providing clarity on the scope of the issues to be litigated. Significantly, the Southern District of Indiana is one of the busiest districts in the nation, and this Court's workload dictates that every effort must be made to ensure the speedy and efficient administration of justice.[1]

The opportunity to simplify issues and the scope of proceedings will streamline the litigation process and avoid duplicative proceedings, saving the Court resources. Therefore, this factor weighs heavily in favor of maintaining the stay.

### C. **Burden of Litigation and Interest of Justice**

Finally, while the late stage of litigation usually warrants lifting a stay, in this case the factor weighs in favor of maintaining the stay. Here, the parties have made significant progress

---

[1] In the 12-month period ending December 31, 2018, the weighted filings per judgeship in the Southern District of Indiana stood at 991, first in the Seventh Circuit, and second in the nation. *See* https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2018/12/31-1.

and the case is close to the filing of dispositive motions. Consequently, there is an increased risk of inconsistent rulings if the stay is lifted because litigation will move quickly, and this case could be decided before the Federal Circuit provides a decision regarding the patents on appeal. Additionally, considerations in the above discussion related to the possible streamlining of litigation must be considered. This Court's time, resources, and desire to avoid inconsistent rulings would be better served by continuing the stay. Moreover, *both* parties have appealed IPR decisions and share an interest in the Federal Circuit's decision.

### III. Conclusion

In considering the totality of the circumstances, the possibility of undue prejudice weighs slightly in favor of a stay, while simplification of the issues and interest of justice weigh heavily in favor of a stay. This Court acknowledges that this is a close case, but the threat of duplicative and inconsistent rulings, combined with only slight prejudice to Plaintiffs, provide compelling reasons for the Court to maintain the stay. Based on the foregoing, Plaintiffs' *Motion to Lift Stay and Reopen Case* [Dkt. 343] is **DENIED**. This matter will remain stayed and administratively closed pending a final decision by the Federal Circuit.

Defendants' *Motion Requesting Oral Argument on Plaintiffs' Motion to Lift Stay and Reopen Case* [Dkt. 354] is also **DENIED**. The record is sufficiently clear and oral arguments on the case are unnecessary to resolve the motion.

SO ORDERED.

Dated: 17 JUN 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.