UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:17-cv-03448-JRS-MJD |
| COOK GROUP INCORPORATED, et al., | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO COMPEL**

This matter is before the Court on Defendants' Motion to Compel Plaintiffs to Designate a Witness. [Dkt. 502.] For the reasons set forth below, the Court **GRANTS** Defendants' motion.

### I. Background

Plaintiffs Boston Scientific Corp. and Boston Scientific Scimed, Inc., are "developers, manufacturers, and suppliers of medical devices." [Dkt. 19 at 3.] One of their products, the Resolution Clip, is "an endoscopic hemostasis clip that is intended to, among other things, stop bleeding in the gastrointestinal tract" by allowing "medical care professions to more precisely position the clip and securely lock the clip in place." [Dkt. 19 at 3.] Defendants Cook Group Inc., and Cook Medical, LLC, are competitors in the endoscopic hemostatic clip market. [Dkt. 19 at 4.] Plaintiffs initially filed suit against Defendants on October 27, 2015, alleging multiple claims of patent infringement with regard to the Resolution Clip. [Dkt. 1.]

On August 5, 2021, Plaintiffs served Defendants with a Supplemental Rule 30(b)(6) Deposition Notice. [Dkt. 531-2.] Within that Notice, Topic 44(c) sought testimony regarding the following:

> Your [(Defendants')] document collection efforts and production of documents in this matter, including . . . [y]our search, collection and production of documents in response to Boston Scientific's discovery requests, including but not limited to supplementing your production of documents.

[Dkt. 531-2 at 10.] Defendants refused to designate a witness to testify to Topic 44(c) on September 10, 2021. [Dkt. 531-3 at 50.] The parties subsequently conferred, and Plaintiffs "proposed a stipulation: if [Defendants] refrained from seeking such testimony, then [Plaintiffs] would do the same and withdraw this deposition topic." [Dkt. 531 at 4.] On October 1, 2021, Defendants stipulated the following in an email correspondence:

> Topic No. 44 – You mentioned during our meet and confer that [Plaintiffs] would be willing to forego a witness on subtopic "c" if [Defendants were] likewise willing to forego deposing [Plaintiffs] on this same subtopic. [Defendants are] agreeable to proceeding in this manner.

[Dkt. 532 at 3.]

On November 8, 2021, Defendants served Plaintiffs with a Supplemental Rule 30(b)(6) Deposition Notice. [Dkt. 503-2.] That Notice contains the three topics currently at issue:

**Topic 25:**   Whether, as of March 30, 2016, early design documentation, testing, or test results for the Resolution Clips were not reasonably accessible to the extent the work was performed using or maintained on obsolete systems, as Plaintiffs represented in their Initial ESI Disclosures dated March 30, 2016, and if so, an identification of the information not reasonably accessible and corresponding obsolete systems, if any.

[Dkt. 503-2 at 11.]

**Topic 26:**   Whether e-mails and electronically stored information relating to the Resolution Clips are unavailable, as Plaintiffs' counsel represented to the Court (*see* February 15, 2017 Hearing Transcript at pages 97-98), and, if so,

2

the reasons why such e-mails and electronically stored information are unavailable.

[Dkt. 503-2 at 11.]

**Topic 29:** Whether Plaintiffs did or did not produce complete and accurate copies of each and every lab notebook associated with the following named inventors on the Patents-In-Suit: Mark L. Adams, Russell F. Durgin, Vincent Turturro, Justin Grant, Norman May, Roy H. Sullivan, William C. Mers Kelly, Lance Alan Wolf, Brian Keith Wells, Vasily P. Abramov, and Gregory R. Furnish, which relates to any ideas described in the Patents-In-Suit, and to the extent Plaintiffs assert that they did produce such lab notebooks, an identification of each such lab notebook.

[Dkt. 503-2 at 12.]

On November 22, 2021, Plaintiffs refused to designate witnesses to testify with regard to Topics 25, 26, and 29, on the grounds that such topics were contrary to the October 1, 2021 stipulation. [Dkt. 503-3 at 30-31, 33-34.] Following unsuccessful attempts to meet and confer, Defendants filed the instant Motion to Compel on December 13, 2021. [Dkt. 502.]

## II. Discussion

Defendants ask the Court to order Plaintiffs to designate a witness or witnesses to testify regarding Topics 25, 26, and 29 set forth in Defendants' Rule 30(b)(6) Deposition Notice. [Dkt. 502.] Plaintiffs object to the motion, arguing that the topics at issue fall within the scope of the parties' October 1, 2021, stipulation. [Dkt. 531.] Under that stipulation, the parties agreed to forego deposing a witness regarding the "document collection efforts and production of documents in this matter."[1] [Dkt. 531-2 at 10.] Federal Rule of Civil Procedure 29 provides that parties are entitled to limit discovery via stipulation. Fed. R. Civ. P. 29(b). The parties' October

---

[1] The remaining language of the stipulation—"including . . . [y]our search, collection and production of documents in response to Boston Scientific's discovery requests, including but not limited to supplementing your production of documents"—is subordinate to the scope of "document collection efforts and production of documents in this matter."

3

1, 2021, written stipulation is therefore valid and enforceable; as Plaintiffs highlight, "only its scope is in dispute." [Dkt. 531 at 5.]

The plain language of Topic 44(c) applies to testimony regarding the means and methods of discovery. By explicitly referencing the "document collection efforts and production of documents in this matter," the parties chose to forgo deposing witnesses regarding, *e.g.*, what search terms were used when responding to discovery, when those searches took place, and how. In other words, the parties agreed not to seek testimony on "discovery about discovery." *See* Hon. Craig B. Shaffer, *Deconstructing "Discovery About Discovery,"* 19 Sedona Conf. J. 215, 215 (2018) (defining "discovery about discovery" as "discovery about an opponent's e-discovery processes and the manner in which a party preserves, identifies, collects, searches, and produces ESI").

With this understanding of the stipulation's scope in mind, the Court will address Topics 25 and 26 together before concluding with Topic 29.

A. **Topics 25 and 26**

Topics 25 and 26 clearly fall outside the scope of the stipulation because they are not requesting testimony pertaining to the means and methods of discovery. Rather, Topics 25 and 26 seek confirmation and clarifications of representations previously made by Plaintiffs "to the extent [Defendants] wish[] to rely on them at trial." [Dkt. 504 at 5.]

Indeed, in their March 30, 2015, Initial ESI Disclosures, Plaintiffs stated that "[e]arly design documentation, testing, or test results" regarding the Resolution Clip were not reasonably accessible because "the work was performed using or maintained on now-obsolete systems." [Dkt. 503-1 at 5.] Through Topic 25, Defendants seek testimony to confirm this statement in addition to "identification of the information not reasonably accessible and corresponding

4

obsolete systems, if any." [Dkt. 503-2 at 11.] Similarly, during a February 15, 2017, discovery hearing in the District of Delaware,[2] Plaintiffs stated that emails and ESI regarding the Resolution Clip were unavailable due to turnover within the companies. [Dkt. 503-5 at 5-6.] Through Topic 26, Defendants again seek testimony to confirm this statement in addition to "the reasons why such e-mails and electronically stored information are unavailable." [Dkt. 503-2 at 11.] Defendants assert that these representations are relevant to their "prosecution laches defense" which requires them to show that, "due to the delay in obtaining the patents-in-suit, information relating to [Plaintiffs'] Resolution Clip . . . is no longer reasonably accessible." [Dkt. 504 at 2-3.] As such, these inquiries simply do not pertain to the "search, collection and production of documents"—especially since no documents were actually collected or produced. The stipulation is therefore inapplicable to Topics 25 and 26, and Defendants are entitled to the clarifications and explanations they seek.

Accordingly, Defendants' Motion to Compel [Dkt. 502] is **GRANTED with respect to Topics 25 and 26** and Plaintiffs shall designate a witness to testify to those topics.

**B. Topic 29**

While Topics 25 and 26 are clearly not inquiring into the "search, collection and production of documents," Topic 29 refers to Plaintiffs' production of lab notebooks and it is therefore a closer call as to whether Topic 29 is included in the scope of the parties' October 1, 2021, stipulation.

Courts interpret the federal discovery rules broadly because "[d]iscovery is a search for the truth." *Shapo v. Engle*, 2001 WL 629303, at *2 (N.D. Ill. May 25, 2001); *see Rackemann v. Lisnr, Inc.*, 2017 WL 11614560, at *1 (S.D. Ind. Oct. 31, 2017) ("The broad scope of discovery

---

[2] This action was originally filed in the District of Delaware.

5

permitted by Rule 26 is based on the principle that access to all relevant information promotes the search for the truth"). Limitations curtailing the discovery process are therefore in derogation of the search for truth and should be narrowly construed. *Cf. Valero Energy Corp. v. United States*, 569 F.3d 626, 630 (7th Cir. 2009) (explaining that privileges are "construe[d] narrowly because they are in derogation of the search for truth") (citing *United States v. Evans*, 113 F.3d 1257, 1461 (7th Cir. 1997)); *Rackemann*, 2017 WL 11614560, at *1 ("As the attorney-client privilege and work product protection restrict the flow of relevant information, they are narrowly construed by courts to minimize their impact upon the discovery process") (citing *In re Walsh*, 623 F.2d 489, 493 (7th Cir. 1980)). Understanding this, the Court finds it appropriate to view stipulations limiting the scope of discovery in the same light because, although permitted by Rule 29, such agreements nonetheless seek to curb the generally broad scope of discovery.

In narrowly construing the parties' stipulation, the Court finds it inapplicable to Topic 29. Topic 29 is not strictly asking about Plaintiffs' means and methods of producing the lab notebooks, nor their process of searching, collecting, **and** producing the lab notebooks. Instead, as Defendants argue, Topic 29 seeks "a witness to identify the inventors' lab notebooks that were produced, and the notebooks that were not produced." [Dkt. 504 at 5.] This, it appears, is not "discovery about discovery" so much as it is asking Plaintiffs to unequivocally identify any responsive materials that have been withheld or unavailable, as they are otherwise required to do by Fed. R. Civ. P. 34(b)(2)(C). Therefore, Topic 29 falls outside the scope of the parties' stipulation because it does not pertain to the means and methods of discovery.[3]

---

[3] An argument could also be made that narrowly interpreting the stipulation makes clear its inapplicability to Topic 29 for the reason that the stipulation, read literally, unilaterally applies to the "search, collection and production of documents **in response to Boston Scientific's discovery requests**." [Dkt. 531-2 at 10] (emphasis added). Therefore, because Topics 25, 26, and 29 address discovery requests made by **Cook**, not Boston Scientific, the plain language of

Accordingly, Defendants' Motion to Compel [Dkt. 502] is **GRANTED with respect to Topic 29** and Plaintiffs shall designate a witness to testify to that topics.

### III.  Conclusion

For the reasons set forth above, Defendants' Motion to Compel, [Dkt. 502], is **GRANTED**. Plaintiffs shall designate a witness to testify on their behalf regarding Topics 25, 26, and 29 pursuant to Fed. R. Civ. P. 30(b)(6).

SO ORDERED.

Dated:  28 DEC 2021

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.

---

the stipulation reveals its inapplicability. Indeed, Defendants agreed "to forego deposing [Plaintiffs] on this **same subtopic**," [Dkt. 532 at 3 (emphasis added)], that subtopic being responses made to **Plaintiffs'** discovery requests.  However, Defendants do not ask the Court to read the stipulation in this way, so it will not.