IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOSTON SCIENTIFIC CORP. and BOSTON SCIENTIFIC SCIMED, INC., <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>COOK GROUP INCORPORATED and COOK MEDICAL LLC, <br><br>　　　　Defendants | No. 1:17-cv-03448-JRS-MJD <br><br> Judge James R. Sweeney II <br> Magistrate Judge Mark J. Dinsmore |

**BECTON DICKINSON'S BRIEF IN SUPPORT OF ITS MOTION
TO MAINTAIN DOCUMENTS UNDER SEAL**

Subpoenaed Third-Party Becton Dickinson ("BD") submits this Brief in Support of its Motion to Maintain Documents Under Seal (ECF No. [*]).

**I. BACKGROUND**

Pursuant S.D. Ind. L.R. 5-11, BD filed a Motion to Maintain Documents Under Seal ("Sealing Motion," ECF No. [*]), requesting that the Court maintain the following documents, which are incorporated into the text of an expert report on behalf of Defendant Cook Group, Incorporated ("Cook"), under seal:

- Prybell Deposition Exhibit 914 at BD.0000385 through BD.0000389, BD.0000393 through BD.0000395, and BD.0000403, all referenced in Exhibit 1 – Excerpts from Supplemental Expert Report of Mark A. Nicosia, Ph.D. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) (ECF No. 584-1).

- Prybell Deposition Exhibit 916 at BD.0000301, BD.0000308 through BD.0000309, and BD.0000312, all referenced in Exhibit 1 – Excerpts from Supplemental Expert Report of

1

    Mark A. Nicosia, Ph.D. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) (ECF No. 584-1).

BD understands that images of these pages are incorporated into the text of the expert's report from conversations with Cook's counsel. BD seeks to have those images sealed in the public record. BD is the "designating party" under S.D. Ind. L.R. 5-11, and BD is timely filing this brief within 14 days of service of Cook's Motion to Maintain Documents Under Seal (ECF No. 586). *See* S.D. Ind. L.R. 5-11(d)(3).

    As explained below, good cause exists for this request, as these documents contain BD's non-public, highly confidential information, and the public disclosure of this information would cause BD competitive harm. Pursuant to the Local Rules, BD is providing a redacted public version of each of these documents, which includes redactions of BD's highly confidential information. These redactions are narrowly tailored to balance Cook's right to protect its non-public, highly confidential business information against the public's right to access relevant information concerning this litigation. Boston Scientific does not concede that the information is confidential, but will not oppose it being maintained under seal.

**II. ARGUMENT**

  **A. Legal Standard**

    Although "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view," *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010), Federal Rule of Civil Procedure 26(c) enables courts to protect parties from revealing "confidential research, development, or commercial information" upon a showing of good cause. *See* FED. R. CIV. P. 26(c)(1)(G). In the Southern District of Indiana, the filing of documents under seal is governed by Local Rule 5-11 and includes "any information that derives economic and competitive value from not generally being known and is subjected to reasonable efforts to maintain its secrecy." *See*

*Columbia St. Partners, Inc. v. Honeywell Int'l, Inc.*, No. 316CV00209RLYMPB, 2017 WL 8230837, at *5 (S.D. Ind. Mar. 9, 2017).

To succeed on a motion to seal, a litigant must identify both the specific portions of documents that contain the commercially sensitive information and how that information will likely cause competitive harm if disclosed. *See Netolicky v. McKeon Prod., Inc.*, No. 1:12-CV-1429-SEB-DKL, 2012 WL 13034122, at *2 (S.D. Ind. Dec. 13, 2012). The harm must "overcome the presumption that the information's use in a judicial proceeding requires its public availability," *Telamon Corp. v. Charter Oak Fire Ins. Co.*, No. 113CV00382RLYDML, 2015 WL 13642254, at *1 (S.D. Ind. Oct. 23, 2015), unless the information "or the manner in which the information is presented" is not material to the court's resolution of the issues at hand. *See Burnett v. Conseco Life Ins. Co.*, No. 118CV00200RLYDML, 2019 WL 8444554, at *2 (S.D. Ind. Mar. 28, 2019)

**B.     Redacted Portions of the Exhibits Should Be Maintained Under Seal**

The portions of the documents that BD seeks to maintain under seal contain non-public, highly confidential business information concerning the research and development, design, and manufacturing of BD's products, including specific materials used, intricate schematics, and in-depth device comparisons. By taking reasonable steps to keep this information secret, BD derives economic and competitive value from this information: it allows BD to make unique products that are differentiated in the marketplace. These products, and subsequent generations, continue to be marketed by BD today.

Revealing this information would cause BD competitive harm in three ways. First, BD's competitors would gain an unfair advantage, because they would be able to understand the mechanisms of BD's products in exacting detail. Second, this information would provide a window into BD's research and development strategies. Finally, since these documents were

submitted to government agencies as part of product approval processes, revealing this information would give competitors impermissible insight into BD's regulatory interactions—even more information than they would be able to receive through Freedom of Information Act (FOIA) requests.

In short, the information BD seeks to maintain under seal here is the sort of "detailed, proprietary information" this court sealed in *Mimms v. CVS Pharmacy, Inc.*, No. 115CV00970TWPMJD, 2016 WL 11547243, at *3 (S.D. Ind. July 14, 2016). The exhibits sealed in that case involved technical business information and processes created by CVS, which were employed solely for internal purposes. *Id.* The complex design and materials information BD seeks to seal here are similarly highly technical and used exclusively within the company.

In any event, the unredacted portions of these exhibits provide more-than-adequate detail for resolution. As noted above, even if certain information's use in case requires its public availability, if "the manner in which the information is presented" is not material to deciding the issues at hand, then the information may be sealed. Here, the photographs, sketches, and drawings that were used in sales materials and other publicly available information are sufficient to decide the issues at hand, so it is permissible to seal the confidential, proprietary information.

### III. CONCLUSION

For the foregoing reasons, BD respectfully requests that the above-described materials be maintained under seal.

Dated: February 18, 2022  By: /s/ Peter Spivack

Peter Spivack (peter.spivack@hoganlovells.com)
HOGAN LOVELLS US LLP
555 13th St NW
Washington, DC 20004
Tel.: (202) 637-5600
Fax: (202) 321-5910

*Attorney for Subpoenaed Third-Party*,
Becton Dickinson