UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:17-cv-03448-JRS-MJD |
| ) | |
| COOK GROUP INCORPORATED, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

This matter is before the Court on Defendants Cook Group Incorporated and Cook Medical LLC's ("Cook") Motion for Attorneys' Fees, [Dkt. 580]. For the reasons set forth below, Cook's motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. Discussion**

The facts underlying the current dispute are detailed, at length, in the Court's Order on Defendants' Motion to Strike, Defendants' Motion to Seal, and Plaintiffs' Motion to Compel, [Dkt. 572], and need not be repeated here. Cook now seeks an award of attorneys' fees in the total amount of $73,157.38 for expenses incurred in bringing its motion to strike, opposition to Boston Scientific's motion to compel, and the instant motion for attorneys' fees. [Dkt. 580.]

**A. Cook's Motion to Strike**

On December 2, 2021, Cook filed its Motion to Strike Boston Scientific's Improper Disclosure and Use of Information Identified as Privileged, [Dkt. 498]. After finding that counsel for Boston Scientific blatantly disregarded the Court's case management plan, as well as Federal Rule of Civil Procedure 26(b)(5)(B), the Court granted the motion to strike on January 20, 2022.

[Dkt. 572 at 4-5.] Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), where a party fails to comply with a Court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Here, Cook seeks $21,173.09 in attorneys' fees as a result of 62.4 hours spent bringing the motion to strike. *See* [Dkt. 580-1 at 6]. Boston Scientific does not object to Cook's request, stating that, "[a]lthough Boston Scientific has good-faith arguments to challenge the fees and their magnitude, it agrees to pay this amount to Cook." [Dkt. 592 at 4.] Accordingly, the Court **GRANTS** Cook's motion in this regard; Boston Scientific shall pay the $21,173.09 in fees incurred by Cook in bringing its motion to strike.

### B. Cook's Opposition to Boston Scientific's Motion to Compel

On December 21, 2021, Boston Scientific filed its Motion to Compel Production of Clawed Back Documents, Documents and Communications Regarding Cook's Reliance on Advice of Counsel, and for Leave to Continue Fact Depositions Regarding the Same, [Dkt. 537]. After finding that the exhibits at issue were protected by the attorney-client privilege and that Cook was not asserting an advice-of-counsel defense to Boston Scientific's willful infringement claim, the Court denied the motion to compel on January 20, 2022. [Dkt. 572 at 16.]

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), where a motion to compel is denied, the Court

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

2

Fed. R. Civ. P. 37(a)(5)(B). A motion to compel was "substantially justified," such that an award of fees is not appropriate, when the positions taken by the movant were such that reasonable people could disagree about the proper outcome of the motion. See *Tecnomatic, S.P.A., v. Remy, Inc.*, 2013 WL 6665531, at *1 (S.D. Ind. Dec. 17, 2013) ("Substantial justification exists if the Motion posited a 'genuine dispute' or if reasonable people could differ as to the appropriateness of the contested action.") (citing *Fogel v. Bukovic*, 2011 WL 2463528, at *3 (N.D. Ill. June 20, 2011)).

      Here, Cook seeks $39,940.67 in attorneys' fees as a result of 93.2 hours spent opposing Boston Scientific's motion to compel. See [Dkt. 580-1 at 6]. In response, Boston Scientific does not claim that Cook's requested expenses are unreasonable. Rather, Boston Scientific argues that its motion to compel was substantially justified, and thus the Court should decline Cook's fee request, on the ground that it "involved a fair fight" as demonstrated by "the detail of both parties' briefs and the length of the Court's opinion, as well as the volume of case law discussed in those papers." [Dkt. 592 at 6.] This argument is partially persuasive.

      Boston Scientific's motion to compel concerned two primary issues: "(1) whether Exhibit 218, COOKMED0202784, and Exhibit 203 [were] protected by the attorney-client privilege and, consequently, whether Cook's claw back of the exhibits was appropriate; and (2) whether Cook waived the attorney-client privilege by asserting an advice-of-counsel defense." [Dkt. 572 at 7.] As to the first issue, the Court noted that, "[w]hile determining whether Exhibit 218 and COOKMED0202784 were privileged communications required some debate, Exhibit 203 is quite clearly protected by the attorney-client privilege." *Id.* at 11. As to the second issue, the Court noted that "Boston Scientific's argument fundamentally mischaracterizes Ms. Martinez's testimony in an attempt to stretch the advice-of-counsel waiver." *Id.* at 13. Thus, the Court finds

3

that Boston Scientific was substantially justified in bringing its motion to compel regarding Exhibit 218 and COOKMED0202784, but not with regard to Exhibit 203 or the advice of counsel waiver.

For these reasons, Cook's motion is **GRANTED IN PART** in this regard; Boston Scientific and its counsel shall pay $19,970.34—half of the $39,940.67 requested—in fees incurred by Cook in opposing Boston Scientific's motion to compel.

### C. Cook's Motion for Attorneys' Fees

Cook additionally seeks $12,043.65 in attorneys' fees as a result of 25.7 hours spent bringing the instant Motion for Attorneys' Fees, [Dkt. 580], and requests permission to file a supplemental brief in order to update its fee request once briefing has concluded. [Dkt. 581 at 17.] In response, Boston Scientific argues, in its entirety, that,

> [d]uring the meet and confer, Boston Scientific offered to pay Cook in full for its fees relating to the Motion to Strike. Boston Scientific also offered an additional $10,000 to avoid motions practice and further burdening the Court relating to the Motion to Compel. Cook did not accept this offer. Now that Boston Scientific has spent at least that amount to oppose the present motion, it respectfully asks that Cook's motion for fees for the instant Motion for Fees be denied.

[Dkt. 592 at 6.] However, as Cook points out, "Cook's decision not to accept Boston Scientific's lopsided offer is not a reason to deny Cook its reasonable fees under Fed. R. Civ. P. 37." [Dkt. 606 at 5.]

Accordingly, the Court **GRANTS** Cook's motion in this regard; Boston Scientific and its counsel shall pay $12,043.65 in fees incurred by Cook in filing the instant motion for attorneys' fees, plus the reasonable fees expended by Cook on its reply brief. If the parties are unable to reach agreement on Cook's reply brief fees, Cook may file a supplement with an updated fee request.

## II. Conclusion

For the reasons set forth above, Cook's Motion for Attorneys' Fees, [Dkt. 580], is **GRANTED IN PART**. Cook is awarded fees in the amount of **$53,187.08** ($21,173.09 with respect to the motion to strike; the reduced amount of $19,970.34 with respect to opposing the motion to compel; and $12,043.65 with respect to the instant motion for attorneys' fees), *plus* the reasonable fees expended by Cook on its reply brief in support of the instant motion. The parties are directed to confer and attempt to agree upon that additional amount; if they cannot agree, Cook may file a motion seeking those fees **within 21 days of the date of this Order**.

SO ORDERED.

Dated: 21 JUN 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.