UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORP. and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:17-cv-03448-JRS-MJD |
| COOK GROUP INCORPORATED and COOK MEDICAL LLC, | ) ) ) ) | |
| Defendants. | ) | |

**Order on Motion to Strike**

On January 6, 2023, exactly thirty days before trial is set in this matter, Defendants filed a Notice Pursuant to 35 U.S.C. § 282, (ECF No. 913), that disclosed hundreds of additional prior art references that Defendants claimed they might rely on at trial to show anticipation, obviousness, and/or the "state of the art" of the patents-in-suit. Plaintiffs filed a Motion to Strike this Notice. (ECF No. 924.) For the following reasons, Plaintiffs' Motion is **granted in part and denied in part**.

Pursuant to this Court's Case Management Order, (ECF No. 468), in December of 2021, Defendants filed supplemental invalidity contentions relying on thirty-three prior art publications and six prior art physical devices, (ECF Nos. 547, 548, 549). Because these contentions exceeded the limit of twenty-four references set by the District of Delaware from where this case was transferred, (*see* ECF No. 611 at 1), Plaintiffs sought to strike the additional references, (*id.*). However, since Defendants (1) did not exceed the limit excessively, (2) the claims in the case had changed since

the action was before the District of Delaware, and (3) there was no undue prejudice to Plaintiffs, the Court denied Plaintiffs' Motion to Strike and granted Defendants' "alternative motion for leave to exceed the 24-reference limit *to the extent that they have done so*." (*Id.* at 5 (emphasis added).) Now, merely thirty days before trial, Defendants suggest that, despite this Court's allowance of nine more references in their supplemental invalidity contentions, two hundred *additional* references might still be needed for trial. The Court is not so inclined.

35 U.S.C. § 282 states in pertinent part:

> In an action involving the validity or infringement of a patent the party asserting invalidity or noninfringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit *or* . . . ***as showing the state of the art***.

35 U.S.C. § 282(c) (emphasis added). The Federal Circuit has stated that "[t]he purpose of § 282, like that of the Federal Rules, is to prevent unfair and prejudicial surprise, not to facilitate last-minute production of evidence." *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 551 (Fed. Cir. 1998). Importantly, "when the court has set and the parties have agreed to a discovery period, that procedure necessarily governs that trial. Thus although § 282 sets a minimum period for the identification of prior art to be introduced, . . . a specific judicial directive for the timing of discovery establishes the procedures to which the parties are bound." *Id.*

But while a court's discovery schedule supersedes the minimum timing requirements of § 282, here, the discovery schedule pertained to *invalidity* contentions. So the question becomes whether the § 282 Notice filed by Defendants

2

runs afoul of the Court's discovery orders. The answer to that question depends on how Defendants intend to use the references that were listed in the § 282 Notice (and that were *not* listed in their supplemental invalidity contentions). If Defendants plan to rely on these references for their invalidity defenses, they are absolutely barred from doing so; on the other hand, if Defendants plan to use these references to describe the state of the art, as § 282 also contemplates, then the situation becomes murkier. Some courts have admitted references not disclosed in prior invalidity contentions if the references were going to be relied on for a non-invalidity purpose, such as describing the state of the art. *See, e.g.*, *Centillion Data Sys., LLC v. Convergys Corp.*, No. 1:04-cv-73-LJM-WTL, 2007 WL 2915626, at *1 (S.D. Ind. Oct. 4, 2007) (allowing the defendant to rely on additional references "simply to refer generally to the crowded field" but prohibiting the defendant from interjecting any more specific analysis). But a *per se* rule that would allow in *all* references from a § 282 Notice, no matter the number or type, and simply as long as those references are not relied on for invalidity, runs contrary to the purpose of § 282 and would open the door to abuse of the rule.

Here, Defendants unequivocally assert that any references they intend to rely on from the § 282 Notice will be to describe the "state of the art" and that they have "no intention of relying on prior art other than that identified in [their] invalidity contentions, either for anticipation or in obviousness combinations."[1] (ECF No. 935

---

[1] The Court notes Defendants' somewhat contradictory arguments in their Response. (*See, e.g.*, ECF No. 935 at 12–14 (implying that the references in their § 282 Notice cannot be estopped under IPR estoppel because they represent a different ***invalidity*** ground).) No matter, the Court's decision today does not hinge on Defendants' assertion. Moreover, any

3

at 8.) Under a *per se* rule, Defendants would have the Court admit all of their § 282 references based on their assertion. The Defendants have not sufficiently justified the need for two hundred additional references to show the state of the art. Additionally, the risk of juror confusion that will result from allowing in such an exorbitant number of references is extremely high. *See* Fed. R. Evid. 403. In addition, there has been no showing that such evidence should not be excluded as needlessly cumulative. *Id.* The Court finds the solution articulated in *Maxell, Ltd. v. Apple Inc.* to be an elegant one in this circumstance. No. 5:19-CV-00036-RWS, 2021 WL 3021253 (E.D. Tex. Feb. 26, 2021).

The court in *Maxell* faced a nearly identical set of facts as the Court here. In that case, the patentee, Maxell, sought to prohibit the alleged infringer, Apple, from relying on prior art beyond the twenty references it elected in its invalidity contentions to rely upon at trial. *Maxell*, 2021 WL 3021253, at *4. Specifically, Maxell took issue with the additional prior art (fifty-four patents, thirty-five printed publications, and various other references) that Apple disclosed in its notice under § 282. *Id.* Although the court in *Maxell* acknowledged that the local rules of the Eastern District of Texas do not require defendants to disclose such background references in there invalidity contentions; the court stated "[t]his does not mean, however, that Apple can use *all* of the prior art listed in its § 282 notice at trial." *Id.* at *5 (emphasis added). The court continued, "Apple specifically lists 54 patents in its § 282 notice and incorporates by reference potentially hundreds more. . . . Each of

---

attempt by Defendants to argue invalidity by relying on a reference not listed in their invalidity contentions will not be allowed.

these patents and patent applications, considered alone, carry a substantial risk of jury confusion; the sheer number of patents listed only heightens that risk. The Court is unable to determine a specific, limited purpose for which more than 50 patents and patent applications may be used other than to invite the jury to improperly consider them as evidence of invalidity." *Id.* Concluding, the court allowed Apple to rely on the references in its § 282 Notice, *excluding patents and patent applications*, "for the limited purpose of providing evidence regarding state of the art." *Id.* at *6.

The Court finds this solution to be a proper disposition of the issue here. There is no need to confuse the jury with hundreds of additional references to show the state of the art; this is particularly true when those references are patents and patent applications. *See Better Mouse Co. v. SteelSeries ApS*, No. 2:14-cv-198, 2016 WL 3611560, at *1 (E.D. Tex. Jan. 5, 2016) ("The risk [of juror confusion] can rise to high levels when the unelected references are patents and patent applications."). This is because "[t]he use of unelected patent and patent applications 'gives rise to the substantial risk that jurors will perceive those patents and patent applications as similar to the elected patent and patent applications and thus as unrebutted evidence of invalidity.'" *Maxell*, 2021 WL 3021253, at *5 (quoting *Better Mouse*, 2016 WL 3611560, at *1).

The Court need not discuss issues of IPR estoppel which do not apply to references being used to describe the state of the art. The Court also need not discuss Plaintiffs' arguments as to non-prior art beyond noting that the Federal Circuit has allowed non-prior art evidence to describe the state of the art. *See Yeda Rsch. v. Mylan*

5

*Pharms. Inc.*, 906 F.3d 1031, 1037–41 (Fed. Cir. 2018) (discussing the admissibility of non-prior art for their "proper supporting roles" such as indicating the level of ordinary skill in the art, and permitting reliance on Khan 2009, a reference published after the priority date of the asserted patents in the case, to describe the state of the art). If Defendants rely on a § 282 reference published after the latest priority date of the patents-in-suit to describe the state of the art, Plaintiffs may object at that time for example on relevance grounds if appropriate (for instance, if the publication is so far removed from the time of the invention as to have no bearing on the state of the art at that time).

In conclusion, to avoid the above-mentioned juror confusion and to prevent the addition of a voluminous number of references at trial, the Court **grants in part and denies in part** Plaintiffs' Motion to Strike, (ECF No. 924). All unelected *patents and patent applications* in the § 282 Notice are **stricken**. Defendants may not rely on any of the patents and patent applications listed there (and not listed in the supplemental invalidity contentions) for any purpose. However, Defendants may rely on other non-patent publications, taking care not to burden the jury with cumulative evidence, in their Notice *solely for the purpose of generally describing the state of the art*.[2]

---

[2] Defendants argue that they should also be allowed to rely on their additional § 282 references for their unenforceability defenses. (*See generally* ECF No. 935.) Defendants have not cited to any authority supporting this contention in relation to § 282 and have not explained why these additional references are even needed in addition to the references they have already relied on for their defenses, such as, for example, the Radial Jaw Forceps patents. (*See* ECF No. 461 at 51 (discussing Defendants' inequitable conduct defense).) Additionally, the statutory language of § 282(c) does not contemplate unenforceability

**SO ORDERED**.

Date: 01/30/2023

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to registered counsel by CM/ECF.

---

defenses.  The Court will not allow Defendants to rely on these additional references beyond the narrow scope delineated in this Order.