UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOSTON SCIENTIFIC CORP. and BOSTON SCIENTIFIC SCIMED, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COOK GROUP INCORPORATED and COOK MEDICAL LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) No. 1:17-cv-03448-JRS-MJD ) ) ) ) ) ) |

**Clarifying Order**

At the January 19, 2023, final pretrial conference in this matter, Defendants Cook Group Incorporated and Cook Medical LLC (collectively, "Cook") moved orally for clarification or reconsideration of the Court's Order on Motion to Dismiss. (ECF No. 914.) The Court deferred ruling but invited further briefing; Cook's post-conference Motion to Clarify and/or Reconsider, (ECF No. 941), is now before the Court.

Cook in its Motion to Dismiss had argued that Boston Scientific Corp. ("BSC"), the parent company of Boston Scientific Scimed, Inc. ("BSSI"), lacked standing to sue. Because standing is jurisdictional, at least in its so-called "constitutional" guise, *Warth v. Seldin*, 422 U.S. 490, 498 (1975), the Court was obliged to consider the motion, even though it came after some five years of litigation. The Court held that "BSC has 'exclusionary rights' in the patents sufficient for Article III standing" because "it was the substantive intention of BSSI to grant BSC the right to exclude others as the exclusive licensee under the patents." (Order 2, ECF No. 914.) In

reaching that conclusion, the Court considered "[t]he record as a whole." (*Id.*) The Court discussed as an example of BSC and BSSI's "substantive intention" a 2005 Distributorship Agreement and explained how such an agreement created exclusionary rights. (*Id.* at 3.)

Cook argues that the Federal Circuit holds constitutional standing must be assessed patent by patent, (Motion 3, ECF No. 941 (citing *Sealant Sys. Int'l., Inc. v. TEK Global, S.R.L.*, 616 F. App'x 987, 990 (Fed. Cir. 2015))), and, because the 2005 Distributorship Agreement the Court chose as a salient example concerns the Resolution Clip, which is covered only by the '371 patent, Cook asks whether the Court found standing for the other two patents-in-suit as well. (*Id.*)

Assuming *arguendo* that standing must be assessed patent by patent,[1] a contention that Cook raises for the first time in its motion for clarification,[2] the Court

---

[1] The Court need not decide whether the Federal Circuit's holdings on constitutional standing are binding—on the one hand, the *Sealant Systems* holding seems to decide a patent-specific matter; on the other hand, the constitutional parameters of this Court's jurisdiction seem to be a matter of general federal law, for which propositions the Seventh Circuit and the Supreme Court control. *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803 (Fed. Cir. 2000).

[2] Jurisdictional arguments cannot be waived, *United States v. Cnty. of Cook, Ill.*, 167 F.3d 381, 387 (7th Cir. 1999), which is the only reason this one has not been. One deleterious consequence of courts invoking "standing" at every turn is that it invites (or rather for the unscrupulous does not prevent) repeated, late-arising challenges to case features that have not changed since the outset. Other than the procedural consequences, though, the "standing" label does not affect the ultimate result. Here, BSC either will be able to recover for an invasion of its legal rights, or it will not. The patent-by-patent standing analysis is a disguised way of asking whether it has a legal right in each—which is another way of asking whether it has a cause of action—which is another way of asking whether it survives a Rule 12(b)(6) motion to dismiss. All those questions are asked and answered once and for all by the jury applying the final jury instructions. The procedural devices are just a shortcut to get them asked and answered early, in cases where they could only turn out one way. (The old understanding of Article III's "cases and controversies" requirement was that it included all properly-instituted—that is, procedurally correct—lawsuits, whether or not a cause of action ultimately lay. *Muskrat v. United States*, 219 U.S. 346, 357 (1911) (quoting *In re Pac.*

clarifies and reiterates its holding: looking at the record as a whole, including the various intra-company agreements, the Boston companies' course of dealing, including prior patent litigation, the deposition and affidavit testimony of its representatives, and the interrelatedness of the patents-in-suit, the Court has found and finds that BSSI and BSC's shared "substantive intention" is for BSC to possess—and indeed to enforce—exclusionary rights to each of the three patents-in-suit sufficient for Article III standing.

Cook's Motion, (ECF No. 941), *qua* Motion for Clarification is thus **granted** and *qua* Motion for Reconsideration **denied.**

**SO ORDERED.**

Date: 01/31/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.

---

*Ry. Comm'n*, 32 F. 241, 255 (C.C.N.D. Cal. 1887) (Field, J., riding circuit) ("By cases and controversies are intended the claims of litigants brought before the courts for determination by such regular proceedings as are established by law or custom for the protection or enforcement of rights, or the prevention, redress, or punishment of wrongs.") Since the advent of the Federal Rules of Civil Procedure, almost any purported lawsuit is procedurally correct, thus under the old understanding a constitutional "case," even if it turns out later to be meritless. The Court could dismiss a case for failure to state a cause of action without having also to ask whether the lack of a cause of action means it had no jurisdiction to say so. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Needless to say, the old approach is no longer the law, whatever its attractions of coherence, clarity, and fidelity to the original understanding of the Constitution.)