UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, a Delaware Corporation, BOSTON SCIENTIFIC SCIMED, INC., a Minnesota Corporation,<br><br>     Plaintiffs,<br><br>    v.<br><br>COOK MEDICAL LLC, an Indiana Limited Liability Company,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 1:17-cv-03448-JRS-MJD<br>)<br>)<br>)<br>)<br>)<br>) |

**Order on Motion to Compel**

Before the Court is Plaintiffs' Motion to Compel Cook to Disclose the Obviousness Grounds it will present at trial. (ECF No. 1045.) Boston Scientific requests that the Court (1) enter an order to limit Cook's trial presentation to no more than three prior art-based invalidity grounds per asserted claim and (2) require Cook to disclose its specific elected grounds before trial. Cook views disclosure as an intrusion into Defendant's trial preparation and strategy and opposes the Motion. For the following reasons, the Court **grants** Plaintiffs' Motion and orders Cook to disclose the obviousness combinations it will rely on at trial **on or before May 23, 2023**.

**A. Limiting Cook to Three Invalidity Grounds Per Claim**

There is no dispute as to the first part of Plaintiffs' Motion. On May 3, 2023, Cook agreed to limit its trial presentation to six total obviousness combinations (i.e., three grounds per claim). (ECF 1046-3 at 8.) This narrowing allows for a speedy, just, and inexpensive trial process that is consistent with the Federal Rules of Civil Procedure's

preference for full and open discovery. Fed. R. Civ. P. 1; s*ee also* Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment. The Court **grants** Plaintiffs' Motion to limit the prior art-based invalidity grounds to three per asserted patent claim.

### B. Disclosure of Specific Obviousness Combinations

The parties dispute whether Cook must disclose the *specific* obviousness combinations it plans to present at trial.

In 2017, per Court order, Cook was required to reduce its asserted prior art to no more than 24 references,[1] with the Court's decision "premised in part on its expectation that the parties will further work to reduce the number of asserted claims and prior art references as this case progresses." (ECF No. 1046-2 at 2.) While the Court never required Cook to identify a limited number of specific obviousness combinations per claim that it would assert at trial, other district courts routinely impose such a requirement early on in discovery in order to streamline the management of the case. *See, e.g.*, *Oil-Dri Corp. of Am. v. Nestle Purina PetCare Co.*, No. 15 C 1067, 2018 WL 2765952, at *3 (N.D. Ill. June 9, 2018) (requiring final invalidity contentions that were limited to four invalidity grounds per patent claim, wherein each assertion of anticipation and each combination of references constituted separate grounds); *Plastipak Packaging, Inc. v. Premium Waters, Inc.*, No. 20-cv-098-wmc, 2021 WL 719029, at *1 (W.D. Wis. Feb. 24, 2021) (limiting the defendant to twenty-one total invalidity contentions across twenty-one claims, wherein each obviousness combination constituted one contention); *Biedermann Techs. GmbH &*

---

[1] Cook was later permitted to slightly exceed this limit in light of the IPR proceedings. (ECF No. 611.)

2

*Co. KG v. K2M, Inc.*, No. 2:18-cv-585, 2020 WL 1648482, at \*3 (E.D. Va. Feb. 18, 2020) (distinguishing between preliminary contentions and final elections of asserted prior art and limiting the defendant to five obviousness combinations per claim); *Digital Reg of Tex., LLC v. Adobe Sys., Inc.*, No. C 12–1971 CW, 2014 WL 4090550, at \*9 (N.D. Cal. Aug. 19, 2014) (noting that the court had limited the defendant to "three references or combinations per patent claim" in its invalidity contentions).

Cook argues that its invalidity contentions have already been narrowed and suggests that further narrowing before trial is inappropriate. Not so. While the Court has limited the *total* number of *references* on which Cook may rely, Cook has not been required to disclose the specific combinations it plans to assert at trial. *Reasonableness* is the issue here. As it stands, Cook still reserves the right to assert hundreds of potential obviousness combinations at trial. For example, Cook asserts claim 5 of the '731 patent is obvious in view of the commercial Switch-Blade, alone *or* in combination with *one or more* of four prior art documents, and in further combination with *one or more* of five prior art documents. (ECF No. 584-1 at 171.) This yields north of two hundred possible obviousness combinations. Simply limiting Cook to three obviousness grounds per claim without actually requiring it to disclose the specific combinations would thus be meaningless. In that scenario, Boston Scientific would still have to waste valuable time preparing for countless combinations, all but three of which would ultimately *not* be (and could not be) asserted at trial. This is unreasonable. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05805-HSG, 2015 WL 9460295, at \*2 (N.D. Cal. Dec. 23, 2015) (emphasis added)

3

("Mixing and matching references from a broad 'menu,' as Defendants suggest they seek to do, would not advance the scheduling order's goal of narrowing the issues before trial to a *manageable number* of specific obviousness combinations of which *both parties have explicit notice*."). Cook's cited cases in support are inapposite. Those cases either had *already* been narrowed to a manageable level, *see, e.g.*, *Ultratec, Inc. v. Sorenson Commc'ns, Inc.,* No. 13-CV-346-BBC, 2014 WL 4829173, at *5 (W.D. Wis. Sept. 29, 2014) (noting that the defendant planned to rely on no more than thirteen references at trial across eight patents), or had no discussion of prior case management at all, (*see generally Anascape, Ltd. v. Microsoft Corp.,* No. 9:06-CV-158 (E.D. Tex. May 1, 2008), ECF No. 1051-1).

Cook cannot reasonably argue it will suffer prejudice[2] and intrusion into its "trial strategy." The Court is not requiring Cook to divulge what strategic arguments it intends to make (e.g., its motivation to combine arguments or its plans for witness examination). Rather, Cook must simply give reasonable notice of what combinations it will *actually* assert; these defenses will either be successful or not. No "strategy" is at stake here. *See Finjan*, 2015 WL 9460295, at *2 ("[T]here is no prejudice, let alone undue prejudice, that results from providing fair notice in advance of trial regarding the theories Defendants *actually plan to present*."); *see also In re Katz*

---

[2] Cook complains that Boston Scientific cannot now argue prejudice because it did not raise this issue before the originally scheduled trial in February. But Boston Scientific had moved for summary judgment on IPR estoppel (which would have removed prior-art-based invalidity defenses from the case). Boston Scientific only had a few calendar days to parse through the Court's summary judgment order (which ruled against Boston Scientific in part) before trial. Regardless, this Order will provide essential streamlining needed in the case before trial.

*Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1313 (Fed. Cir. 2011) (noting a district court's "broad discretion" to manage cases expeditiously). Cook implies that it might change its obviousness combinations based on Boston Scientific's strategy regarding alleged infringement. (ECF No. 1058 at 2 n.1.) There is no correlation. Regardless, Boston Scientific is amenable to allowing Cook to amend its obviousness combinations for good cause should such an issue arise. (ECF No. 1064 at 7.)

**C. Conclusion**

Boston Scientific's Motion to Compel, (ECF No. 1045), is **granted**. Cook will be limited to three invalidity grounds per patent claim; additionally, Cook must disclose to Boston Scientific and the Court the *specific* obviousness combinations it plans to assert at trial **no later than 5:00 PM ET on May 23, 2023**.

SO ORDERED.

Date: 05/22/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to registered counsel of record by CM/ECF.